IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CRAIG MOSS,**                           :
                                          :
      **Plaintiff**     :   CIVIL NO. 1:CV-04-1200
                                          :
      **v.**            :   **(Judge Rambo)**
                                          :
**GEORGE MILLER,** *et al.***,**          :
                                          :
      **Defendants**    :

## MEMORANDUM and ORDER

Plaintiff, Craig Moss, an inmate at State Correctional Institution in Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this action *pro se* with a civil rights complaint (Doc. 1) filed pursuant to the provisions of 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff claims that while has was previously incarcerated at the State Correctional Institution-Retreat ("SCI-Retreat") in Hunlock Creek, Pennsylvania, Defendants retaliated against him for pursuing his Constitutional rights, by subjecting him to various measures of cruel and unusual punishment. Currently pending are Plaintiff's motion for default judgment against two Defendants (Doc. 28), Plaintiff's motion for preliminary injunction (Doc. 30), and Plaintiff's motion for reconsideration (Doc. 33) of this court's order denying him leave to file an amended complaint. For the following reasons, the motions will be denied.

**I.        Motion For Default Judgment.**

Plaintiff asks the court to enter default judgment against two Defendants, Robert Calik and the Pennsylvania General Assembly, for failure to timely respond to Plaintiff's complaint. Since these Defendants joined in the answer to Plaintiff's complaint filed on October 1, 2004 (Doc. 14), Plaintiff's motion for default judgment will be denied.

**II.       Motion For Preliminary Injunction.**

In Plaintiff's motion for preliminary injunction (Doc. 30), he asks the court to remedy prior impairment of his Constitutional right of access to the courts by officials at SCI-Huntingdon. Initially, the court notes that Plaintiff does not allege actual injury to his litigation efforts, as required for such a claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Further, the claim is against officials at SCI-Huntingdon who are not parties to the instant action relating to events at SCI-Retreat. Moreover, to obtain injunctive relief four factors must coalesce: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant will be irreparably harmed if the injunction is denied; (3) granting the injunction will not result in even greater harm to the non-moving party; and (4) whether the public

2

interest favors relief. *KOS Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The moving party bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. Civ. A. 93-6120, 1993 WL 483166 at *1 (E.D. Pa., Nov. 24, 1993). Plaintiff has failed to establish the requisite factors to justify injunctive relief.

As noted previously, since Plaintiff has not alleged actual injury to litigation efforts, success on the claim of access to the courts is unlikely. Irreparable harm is unlikely, since Plaintiff is seeking redress for prior transgressions. Finally, the court does anticipate greater harm to Defendants by granting relief, and there is no apparent public interest in the outcome. Plaintiff has failed to establish the essential elements for injunctive relief and his motion will be denied.

### III.     **Motion For Reconsideration.**

Plaintiff also seeks reconsideration (Doc. 33) of this court's denial (Doc. 32) of his motion for leave to file an amended complaint. Because this court finds that Petitioner has failed to provide the evidence required for a successful motion for reconsideration, this motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Max's Seafood Café v. Quinteros*, 176 F.3d 699, 677 (3d Cir. 1999).

In his pending motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his motion for leave to file an amended complaint merits reconsideration. The court based its decision, at least in part, upon shortcomings of his motion and a failure to comply with local rules of procedure; he has failed to set forth anything to alter this determination. Plaintiff merely wants this court to rethink its earlier decision, which is an inappropriate justification for reconsideration. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made). Consequently, Plaintiff's motion will be denied.

4

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motions for entry of default (Doc. 28), for preliminary injunction (Doc. 30), and for reconsideration (Doc. 33) are DENIED.

                                          s/Sylvia H. Rambo  
                                          SYLVIA H. RAMBO  
                                          United States District Judge

Dated: January 13, 2006.